IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL EDWARD KENNEDY         :

      Petitioner                          :

      v.                                        :        Civil Action No. L-09-1802

EDWARD F. REILLY, JR., et al.          :

      Respondents                      :

o0o

# MEMORANDUM

Pending is Respondents' Answer to the above-captioned Petition for Writ of Habeas Corpus.  Paper No. 4.  Also pending is Petitioner's Motion for Appointment of Counsel.  Paper No. 3.  For the reasons set forth below, the Court will dismiss without a hearing the Petition for Writ of Habeas Corpus and will deny the Motion for Appointment of Counsel.

## Background

Petitioner Michael Edward Kennedy (hereinafter "Kennedy") is a federal parolee who is challenging the decision of the United States Parole Commission (the "Commission") to continue his parole supervision.

Kennedy was given a life sentence by the United States District Court for the Southern District of California for murder while perpetrating rape and carnal knowledge of a female against her will.  Paper No. 4 at Ex. A.  He was released on parole on January 25, 2000, with his supervision being in the District of Maryland.  Id. at Ex. B.

After being under parole supervision for a period of five years, the Commission ordered a termination hearing held on May 9, 2005, to consider if Kennedy's parole supervision should end.  See 18 U.S.C. §4211(c)(1).  After the hearing, the Commission issued a decision denying termination of parole supervision based upon its determination that Kennedy was likely to

engage in conduct violating the law.  Paper No. 4 at Ex. D and E.  The Commission's determination was based on Kennedy's inability to understand appropriate boundaries when dealing with females, leading to the termination of his employment during the period of his supervision.  Id. at Ex. D, p. 5.

Kennedy was again considered for termination of parole supervision and denied on November 13, 2007.  Id. at Ex. F.  The Commission concluded that Kennedy was likely to engage in conduct violating the law because he had failed to "take responsibility for [his] offense conduct involving the rape and murder of the victim and the polygraph examination conducted in 2006 concluded that [he] did not appear to be truthful" when asked if he committed the offense.  Id. at p. 5.  The Commission questioned whether Kennedy's participation in sex offender therapy had been beneficial and added that "being an unregistered sex offender jeopardizes the safety of the community."  Id.

Kennedy filed an administrative appeal of the Commission's decision to the National Appeals Board.  Id. at Ex. H.  The Board affirmed the Commission's decision and informed Kennedy that he was now required to register as a sex offender under the Sex Offender Registration and Notification Act (SORNA).  Id. citing United States v. Gould, 526 F. Supp. 2d 538 (D. Md. 2007).

Kennedy was again provided with a hearing to consider termination of parole supervision on December 22, 2008.  Paper No. 4 at Ex. I.  At the time of this hearing, Kennedy was registered as a sex offender in the State of Maryland,[1]  had been unemployed from August 17, 2007 to July 5, 2008, and was married on August 18, 2007.  Id.  Kennedy's probation officer

---

[1] Kennedy challenged the registration requirement in Kennedy v. Allera, Civ. Case L-05-129 (D. Md.).  This Court issued a decision denying relief on June 10, 2008.  At the time of his supervision termination hearing, Kennedy's appeal of this Court's decision was still pending.  The Fourth Circuit Court of Appeals affirmed the judgment of this Court on October 22, 2009.

informed the hearing examiner that Kennedy completed sex offender treatment, and was attending therapy twice a month.  Id.  Kennedy's wife and step-daughter also attended the hearing and provided favorable testimony on his behalf.  Id. at pp. 3—5.  The Commission decided to continue parole supervision for another two years based on its determination that there was a likelihood that Kennedy would engage in conduct violating the law.  Id. at p. 6.  In the decision the Commission stated that supervision should be continued for two years or until there was consistent stability in Kennedy's life, reducing the possibility he may commit future crimes.  Id.  In addition, the Commission recommended a repeat polygraph examination and report, as well as a progress report from Eastern Shore Psychological Services before the next termination hearing, which is to be scheduled no more than two years from the date of the decision, February 3, 2009.  Id. at Ex. I.

Kennedy appealed the decision of the Commission to the National Appeals Board.  Id. at Ex. K.  The Commission's decision was affirmed on August 14, 2009.  Id. at Ex. L.

The instant Petition represents Kennedy's appeal of the Commission's Notice of Action decision rendered in this matter on February 3, 2009.  Paper No. 1 at p. 9.  He claims the Commission applied the language of 28 CFR §2.43(c)(1) incorrectly, violating his due process rights; the factual bases of continuing supervised parole did not satisfy "the case specific factor criteria" of 28 CFR §2.43(c)(1); reliance on "questionable" mental health evaluations was not proper; the decision was rendered in retaliation for Kennedy's legal challenge to the SORNA requirements as applied to him;  and requiring Kennedy to register under SORNA violated the Tenth Amendment.  Id. at pp. 9—32.

**Motion for Appointment of Counsel**

A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1),[2] is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances.  See Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975); see also, Branch v. Cole, 686 F.2d 264 (5th Cir. 1982).  The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant.  See Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). Where a colorable claim exists but the litigant has no capacity to present it, counsel should be appointed.  Id.

Upon careful consideration of Kennedy's abilities to present the issues he wishes to raise, he has demonstrated the wherewithal to articulate the legal and factual basis of his claims himself.  The issues pending before the Court are not unduly complicated and a hearing in this matter will not be necessary as the issues are fully briefed by the parties.  Therefore, there are no exceptional circumstances that would warrant the appointment of an attorney to represent Kennedy and his motion shall be denied.

**Standard of Review**

The Court's review of decisions made by the Commission is limited.  "Where the controlling statute indicates that particular agency action is committed to agency discretion, a court may review the action if there is a claim that the agency has violated constitutional, statutory, regulatory or other restrictions, but may not review agency action where the challenge is only to the decision itself." Garcia v. Neagle, 660 F. 2d 983, 988 (4th Cir. 1981), citing Ness Investment Corp. v. U.S. Dept of Agriculture, 512 F. 2d 706, 715 (9th Cir. 1975).   The Parole

---

[2] Under § 1915(e)(1), a court of the United States may request an attorney to represent any person unable to afford counsel.

Act[3] commits decisions regarding parole release and revocation to the unreviewable discretion of the Commission.  <u>Garcia</u> at 988; <u>see also</u> 18 U.S.C. §4218(d).  The decision whether to terminate supervision falls within the ambit of decisions committed to the discretion of the Commission and may only be reviewed for violations of constitutional, statutory, or regulatory violations.

**Analysis**

Kennedy's claims concerning the reliability of polygraph examinations and the wisdom of the Commission's reliance on psychological reports are not subject to review under the standard set forth above.  <u>See</u> 18 U.S.C. §4207; <u>Robbins v. Thomas</u>, 592 F. 2d 546, 548-49 (9th Cir. 1979) (Congressional intent was for the Parole Commission to rely on any information considered relevant).  Accordingly, the Court will not review the Commission's decision for an abuse of discretion with respect to those claims.

Kennedy raises a claim regarding his requirement to register as a sex offender as part of his parole supervision requirements.  The issue was raised before this Court previously in <u>Kennedy v. Allera</u>, Civ. Case L-05-129 (D. Md.2005),[4] and will not be revisited here.

Kennedy claims he has a "statutorily defined, protectable procedural due process interest" created by the language of 28 C.F.R. §2.43(c)(10) which states:

> [T]he Commission shall terminate supervision over such parolee unless it is determined, after a hearing conducted in accordance with Title 18 U.S.C. §4214(a)(2), that such supervision should not be terminated because there is a likelihood that the parolee will engage in conduct violating any criminal law.

Kennedy contends that the language "shall terminate" obligates the Commission to terminate parole supervision in the absence of case-specific factors that support a conclusion that the parolee will engage in conduct violating criminal

---

[3]  <u>See</u> 28 C.F.R §2.20 <u>et seq</u>.

[4]  Affirmed <u>Kennedy v. Allera</u>, Slip Op. 2009 WL 3389411 (4th Cir. 2009).

law. Paper No. 1 at p. 10. He contends that the findings made by the Commission in his case are arbitrary and unsubstantiated. Id.

To analyze Kennedy's claim it must first be determined if there is a protected liberty interest at stake. There is no constitutional or statutory entitlement to early termination of parole supervision. See Myers v. U.S. Parole Commission, 813 F. 2d 957, 960 (9th Cir. 1987) ("No court or legislature has recognized a constitutional or statutory entitlement to early termination of parole"). Unlike parole revocation, Kennedy does not face the possibility of a loss of freedom as a result of termination being denied. See Henderson v. Sims, 223 F. 3d 267, 274 (4th Cir. 2000); Little v. Thomas, 719 F. 2d 50, 52 (3d Cir. 1982) (focus of early termination hearing is not to determine a higher level of custody). Despite the absence of a protected liberty interest at stake, Kennedy received notice of the hearing, was represented by an attorney, presented witnesses and evidence, and had an opportunity to refute evidence unfavorable to termination. Thus, Kennedy's due process rights were not violated. See e.g., Sacasas v. Rison, 755 F. 2d 1533, 1535 (11th Cir. 1985) (failure to provide termination hearing did not violate due process where no actual prejudice results).

Kennedy's claim is predicated on the seemingly mandatory language of 18 U.S.C. §4211(b) and 28 C.F.R. §2.43(b), which he asserts requires termination of his supervision. Similar arguments have been rejected by numerous courts. See Benny v. U.S. Parole Comm'n, 295 F. 3d 977, 984 (9th Cir. 2002) (provision mandates a decision at five-year mark, but remains subject to findings of rehabilitation by Commission); Penix v. U.S. Parole Com'n, 979 F. 2d 386,  (5th Cir. 1992)

(mandatory language of statute pertains to scheduling of hearing, not substance of decision); and <u>Valona v. U.S. Parole Com'n</u>, 165 F. 3d 508, 510 (7th Cir. 1998).  The decision regarding whether supervision should be terminated is left to the Commission's exercise of judgment, similar to the judgment exercised in deciding whether a prisoner should be released on parole.  See <u>United States ex rel. Pullia v. Luther,</u> 635 F. 2d 612, 616 (7th Cir. 1980) (discussing legislative history of 18 U.S.C. §§4201-4218).

      The substance of the six-page decision issued in Kennedy's case includes consideration of his term of supervision as a whole; examination of recent events; and an assessment of the probability that he would re-offend.  Paper No. 4 at Ex. I.  Based on instability in Kennedy's life, supervision was continued.  The hearing examiner noted that "it is known that stable residence, employment and compliance are . . . factors that will diminish a person's risk of committing any other crimes while in the community."  <u>Id.</u> at p. 5.  She further noted that stability is critical and that "[t]here is a need to see that subject can maintain employment and continue his Sex Offender Registration and continue to be compliant with Psychological Services for 2 years without any incidents that will raise concern."  <u>Id.</u> at pp. 5-6.   Thus, far from Kennedy's assertion that there was no consideration of factors specific to his case, the Commissioner considered numerous factors specific to Kennedy's circumstances.

**Conclusion**

The Court finds no basis for finding an abuse of discretion and, therefore, will, by separate Order, deny Kennedy's Motion for Appointment of Counsel and Petition for Writ of Habeas Corpus.

March 1, 2010

/s/
_____
Benson Everett Legg
United States District Judge